**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**NOVEMBER SESSION, 1997**

**FILED**

**January 28, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9608-CR-00584** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **PUTNAM COUNTY** |
| **VS.** | ) | |
| | ) | **HON. LEON BURNS, JR.** |
| **TOMMY GENE CLINTON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Assault) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF PUTNAM COUNTY**

FOR THE APPELLANT:

H. MARSHALL JUDD
Assistant Public Defender
215 Reagan Street
Cookeville, TN 38501

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

BILL GIBSON
District Attorney General

JOHN NISBETT
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant was convicted on a jury verdict of the offense of assault.[1] The jury imposed a fine of two-thousand five hundred dollars ($2500). The trial judge sentenced the Defendant to eleven months and twenty-nine days in the county jail, with seventy-five percent (75%) to be served. The Defendant appeals his conviction and his sentence. We affirm the judgment of the trial court.

The Defendant does not challenge the sufficiency of the convicting evidence, so we address the facts only briefly. On June 19, 1994, same being Father's Day, a group of family members had gathered at the Defendant's father's house to commemorate the occasion. Late that afternoon, the Defendant arrived at the house, apparently in a foul mood. An altercation occurred, during which the Defendant discharged a shotgun on the porch where he and the other family members were gathered. The Defendant's brother-in-law was injured, although not seriously. The Defendant was charged with committing an aggravated assault against his brother-in-law. The jury found the Defendant guilty of the lesser included offense of assault.

On this appeal, the Defendant first argues that the trial judge erred by refusing to allow the victim to be cross-examined concerning a plea of guilty the victim had entered to possessing marijuana for resale and cultivating marijuana.

---

[1]Tenn. Code Ann. § 39-13-101.

The victim had apparently received judicial diversion for these offenses. The State argues that the record on appeal is inadequate for us to review this issue properly. We must agree. The record contains no pretrial motions concerning this issue. Defense counsel did not attempt to cross-examine the victim on these matters at the time the victim testified for the State. At the conclusion of his cross-examination of the victim, defense counsel stated, "your honor, I would have an offer of proof whenever the court wants to do that, after lunch or whatever." The judge replied, "all right."

After the State rested its case, and after the trial judge denied the Defendant's motion for a judgment of acquittal, defense counsel stated, "of course I do want to put [the victim] on for an offer of proof." The judge then allowed counsel to recall the victim out of the presence of the jury and question the victim concerning his guilty plea to and judicial diversion for the drug offenses. He also questioned the victim concerning whether the victim blamed the Defendant for these charges, which the victim denied.

Concerning this issue, the transcript contains no objection by opposing counsel, no argument from counsel concerning the relevance, admissibility or propriety of the testimony sought by way of this line of cross-examination, and most importantly, no order or ruling by the trial court addressing this issue, except for the court's order overruling the motion for a new trial. Nothing in the record indicates that the Defendant sought a ruling from the trial judge on this issue. We must conclude that this record does not adequately present the issue or allow the issue to be reviewed.

The Defendant also argues that the trial court erred in sentencing him to the maximum sentence of eleven months and twenty-nine days in the county jail. He argues simply that "the facts of this case do not warrant the maximum sentence." While the facts of the offense may be found from the transcript of the trial, our review of the sentence is hampered by the fact that there is no presentence report and the Defendant neither testified nor presented any evidence at the sentencing hearing. It appears from the record that the Defendant had six prior felony forgery convictions and that he was on parole from these offenses at the time he committed the assault. Although not found in the record, we gather from the argument presented at the sentencing hearing that the Defendant had other instances of criminal convictions or criminal behavior.

In sentencing the Defendant, the trial judge stated, "this is an offense which obviously was fraught with danger, coming out on the porch of family members with a shotgun and firing away, and with his past record, I think the State is correct in their position that the Defendant be given a sentence of eleven months and twenty-nine days and be required to serve that sentence and that he should serve seventy-five percent of that sentence before he is eligible for any release programs, trusty status, or that sort of consideration." From this record, we cannot conclude that the trial judge erred or abused his discretion in sentencing the Defendant.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-5-

_____
JOHN H. PEAY, JUDGE


_____
JOSEPH M. TIPTON, JUDGE